UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES JANSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV1309 CDP |
| ) | |
| ALLSTATE COLLECTIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on plaintiff's motion for sanctions. Plaintiff asks the Court to order defense counsel to pay his attorneys' fees under 28 U.S.C. § 1927, which states that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 sanctions are proper "when an attorney's conduct viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Tenkku v. Normandy Bank, 348 F.3d 737, 743 (8th Cir. 2003) (internal citation and quotation marks omitted). "Because section 1927 is penal in nature, it should be strictly construed so that it does not dampen the legitimate zeal of an attorney in representing his client." Lee v. L.B. Sales, Inc., 177 F.3d 714, 718 (8th Cir. 1999) (internal citation and quotation marks omitted). The

decision to award attorneys' fees and costs under § 1927 is within this Court's discretion.  Gundacker v. Unisys Corp., 151 F.3d 842, 849 (8th Cir. 1998).

Here, plaintiff argues that sanctions should issue because defense counsel did not inform plaintiff's counsel in June that defendant filed paperwork to dissolve as a corporation.  Plaintiff claims that had he known defendant was dissolving, he would not have filed a motion for summary judgment in July.

I find that an award of fees under 28 U.S.C. § 1927 is not warranted in this case.  First, as defense counsel points out, he did inform plaintiff and all other potential creditors of the dissolution by filing the necessary paperwork and publishing the required notices.  That defense counsel did not immediately and personally inform plaintiff's counsel by telephone of the dissolution does not warrant the imposition of sanctions.  I also note that the paperwork was filed seven months before the scheduled trial date in this case and two months before plaintiff's summary judgment motion was even due.  Moreover, once the summary judgment motion was filed, defense counsel filed a motion to withdraw and informed the Court and plaintiff's counsel of the dissolution.  Defendant then notified the Court that it did not intend to retain substitute counsel and acknowledged that default judgment would be entered against it for this reason.  During this time, plaintiff did not have to file a reply brief in support of summary judgment or otherwise prepare his case and need only have complied with this Court's October 20, 2011 Order to move for default judgment.

Instead of seeking default judgment, however, plaintiff filed the instant motion. It appears to the Court that plaintiff, not defense counsel, is unnecessarily delaying this case as I would have already entered default judgment if plaintiff had only complied with my Order. Given these circumstances and the direction that relief under § 1927 is to be sparingly granted, the Court concludes that plaintiff's motion for sanctions must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for sanctions [#24] is denied.

**IT IS FURTHER ORDERED** that <u>**plaintiff shall move for an entry of default and default judgment, accompanied by all supporting documentation, within ten (10) days of the date of this Order or this case will be dismissed with prejudice for failure to prosecute and to comply with the Orders of this Court without further notice from the Court.**</u>

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2011.